UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:12-CR-28-GFVT-HAI-5 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| STEPHEN SHANE SLONE, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court, on referral, considers a reported supervised release violation by Defendant Stephen Shane Slone. *See* D.E. 911 at 2. As a district judge, Judge Thapar entered a judgment against Defendant in March 2015, following Defendant's guilty plea to conspiracy to distribute oxycodone.[1] D.E. 678 at 1. Defendant was sentenced to fifty-three months of imprisonment and a six-year term of supervised release. *Id.* at 2–3.

On October 23, 2017, Defendant began his first term of supervision. On October 23, 2020, the Court approved the United States Probation Office's (the "USPO") request that no action be taken after Defendant used methamphetamine. D.E. 886. On May 8, 2023, the Court approved the USPO's request that no action be taken after Defendant used methamphetamine and Hydrocodone. D.E. 910.

On May 11, 2023, the USPO issued a Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report,

> On April 27, 2023, this officer collected an observed drug screen of Slone that returned positive results for methamphetamine. It was this officer's

---

[1] Defendant's case was reassigned to District Judge Van Tatenhove on June 9, 2017. D.E. 818.

>recommendation that no Court action be taken, allowing Slone the opportunity to attend and complete inpatient substance abuse rehabilitation.
>
>On May 9, 2023, Slone arrived for intake at Hickory Hills Substance Abuse Rehabilitation Center. This officer was notified on May 10, 2023, that Slone absconded from the program on May 9, 2023, at 5:45pm. Slone has not contacted this officer since leaving the rehabilitation center.

The Report charges one violation stemming from this conduct. Violation #1 alleges that Defendant violated the condition requiring him to participate in a substance abuse treatment program. This is a Grade C violation.

**I.**

On May 22, 2023, the Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32. D.E. 914. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on May 25, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 915. Defendant waived a formal hearing and stipulated to the violation in the Report. *Id*. The Court found Defendant to be competent to stipulate to the violation and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

During the final hearing, the parties did not have an agreement as to the appropriate sentence for Defendant's violation. The government recommended a term of imprisonment of eight months and no additional term of supervised release. Defense counsel did not recommend any specific sentence, but requested an imprisonment term "considerably less than eight months."

The government noted that Defendant's two lengthy periods of compliance and his work history mitigate the current violation to a certain extent. The government noted that Defendant's underlying conviction involved his participation in a three-year drug trafficking conspiracy. The government also noted that Defendant's criminal history includes violence, state drug trafficking convictions, and violations of state probation. The government then focused on the considerable breach of the Court's trust. The government noted that Defendant has received breaks in the past by no action being taken after two separate noncompliance reports. Despite this leniency, Defendant absconded within four hours of arriving for intake at the Hickory Hills Substance Abuse Rehabilitation Center ("Hickory Hills").

Defense counsel stated Defendant was concerned that enrolling in inpatient treatment would negatively impact his finances, which led to his absconsion. The defense acknowledged that Defendant leaving Hickory Hills was the wrong decision. The defense noted that, while Defendant's logging business has been very successful, a large portion of his profits are used to pay operating expenses. The defense also explained that Defendant's mother passed away in October of 2022, with which he has difficulty coping. The defense concluded that an eight-month term of imprisonment would be too harsh, effectively end his business, and would ruin Defendant's credit.

Defendant addressed the Court and apologized for the violation. Defendant also expressed his preference that no term of imprisonment be imposed so he can continue working.

## II.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction for conspiracy to distribute oxycodone is a Class C felony. *See* 21 U.S.C. §§ 841(b)(1)(C), 846; 18 U.S.C. § 3559(a). For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is twenty-four months of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007).

Under section 7B1.1, Defendant's admitted conduct qualifies as a Grade C violation. Given Defendant's criminal history category of V (the category at the time of his conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is seven to thirteen months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release." *See* 18 U.S.C. § 841(b)(1)(C).

### III.

The Court has reviewed the entire record, including the Report, its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis, which the parties addressed at Defendant's final hearing.

First, concerning the nature and circumstances of the underlying offense and his history and characteristics, Defendant was a relatively minor participant in a highly dangerous drug trafficking conspiracy. Defendant's absconsion is concerning, particularly given the relationship between his addiction and the criminal conduct he exhibited through his underlying conviction. This also creates a significant need to protect the public from Defendant's criminal conduct.

The Court must also consider whether a defendant needs any education, training, or treatment. Defendant was given the opportunity to participate in inpatient treatment following his second reported use of controlled substances. Rather than taking advantage of the opportunity, Defendant absconded within hours of arriving for intake at Hickory Hills. Thus, there is no reason to believe treatment would be effective at this juncture.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b). *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court has instilled great trust in Defendant by allowing him to remain on supervision following each of the two prior reports of noncompliance. Rather than taking advantage of inpatient treatment following his second report of noncompliance, Defendant absconded within hours of his

arrival at Hickory Hills. While the Court is sympathetic to the death of Defendant's mother, such tragedies are not uncommon and do not excuse violations. However, Defendant's lengthy periods of compliance while on supervised release mitigate the violation to a certain extent.

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction under § 841(b)(1)(C) carries no maximum term of supervised release. However, the Court agrees with both parties that Defendant will not benefit from any additional supervision. Notably, his supervision term is scheduled to end on October 22, 2023. The Court has achieved all it can with Defendant while on supervision, and there is no justification for imposing an additional term of supervised release.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of seven months. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

## IV.

In consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violation;

(2) Revocation and imprisonment for a term of seven months; and

(3) No supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. *Id.* Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen** days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of May, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge